WESTROPP T. DILLON *vs.* GEORGE A. BROWN & others.

A sealed lease executed by one partner only in the name of the partnership, though for a term which required no seal, does not pass the estate of the other partners without evidence of previous authority or subsequent ratification by them.

In an action for breaking and entering a close, a defendant need not set forth in his answer a lease under which he justifies.

ACTION OF TORT for breaking and entering a shop in Holyoke and forcibly expelling the plaintiff. The defendants denied the plaintiff's allegations; and averred that they had the right to the possession, use and occupation of the shop, and quietly and peaceably took possession of it and altered and fitted it up for their own use.

At the trial in the court of common pleas in Hampden, the plaintiff introduced evidence that while he was occupying the shop as tenant at will of Wilson, Fairbanks & Co. the defendants came in and removed his counters and shelves and made the shop unfit for his use. The defendants justified under a sealed lease for less than seven years, executed to them in the name of Wilson, Fairbanks & Co., by one of the partners only, and having but one seal; and offered no evidence of assent or ratification by the other partners. The plaintiff contended that the defendant could not justify under the lease: 1st, because it was not executed by all the partners; 2dly, because it was not set forth in the answer. But *Bishop*, J. overruled both objections; the jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*J. Wells*, for the plaintiff.

*F. Chamberlin*, for the defendants, to the point that as this lease need not have been sealed, it was sufficiently executed, cited *Tapley* v. *Butterfield*, 1 Met. 515.

METCALF, J. The question in this case is, whether the .ease on which the defendants rely, in justification of the acts for which they are sued, terminated the plaintiff's tenancy at will, and made him thenceforth a tenant at sufferance. Undoubtedly

it did, if it was a valid lease for years by all the owners of the shop. *Hildreth* v. *Conant,* 10 Met. 298.   *Kelly* v. *Waite,* 12 Met. 300.

The shop was owned by three partners, and we assume (though the bill of exceptions does not distinctly show) that it was partnership property.   The sealed lease of it to the defendants was executed by one partner only, in the name of the firm; but no evidence was given, at the trial, that he had any previous authority from his copartners to execute it for them, or that they subsequently ratified it.   Now partners, though they own real estate as partners, still own it as tenants in common, and must grant or demise it as other tenants in common must. Such estate, in this commonwealth, is not subject to the rules of law which govern the disposition of other partnership property, and which authorize one partner to bind the others by the use of the name of the firm.   Hence a grant or demise of real estate owned by partners must be made by each and all of them.   One tenant in common cannot grant by deed, nor can he demise by deed or by parol, anything more than his undivided interest in the estate, unless he is authorized by his cotenants to grant or demise their interests also. *Bigelow* v. *Topliff,* 25 Verm. 286.   *Mussey* v. *Holt,* 4 Foster, 254.   Each may lease his undivided part; and when all join in a lease, it operates as a distinct demise by each of his part. *Peck* v. *Fisher,* 7 Cush. 386.   1 Platt on Leases, 131, 133.   Archb. Land. & Ten. 10.   It follows that the lease in question demised to the defendants only that undivided portion of the store which was owned by the partner who signed and sealed it, and that its legal effect, at the most, was to terminate the plaintiff's tenancy at will in that portion, and to give the defendants a right to occupy it.   See *Doe* v. *Chaplin,* 3 Taunt. 120.   It gave the defendants no right to deprive the plaintiff of his possession of the other undivided portion.   He continued tenant at will of that other portion, after the lease was made, as he was of the whole previously, and he was entitled to the statute notice to quit before he could be lawfully dispossessed thereof against his will.

The decision which we make in this case does not at all impugn the doctrine, now well established, that, in equity, real estate purchased and used for partnership purposes, shall be applied, if necessary, to the payment of partnership debts.

The court are of opinion that the defendants were not required, by the practice act, to set out the lease in their answer; and that if they had produced a lease from all the owners, they might not only have given it in evidence, but that, as we have before stated, it would have furnished them with a full legal defence.                                    *Exceptions sustained.*